IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARTY BROWN, ) | Civil Action No. 7:13cv00553 |
|     Plaintiff, ) | |
| ) | **ORDER ADOPTING REPORT** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| DONALD S. CALDWELL, *et al.*, ) | By: Norman K. Moon |
|     Defendants. ) | United States District Judge |

Plaintiff, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). I referred the matter to United States Magistrate Judge Pamela Meade Sargent for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Sargent correctly construed the complaint as having been filed pursuant to 42 U.S.C. § 1983, as a *Bivens* action allows damages suits to be maintained against *federal* officials for violations of the United States Constitution, and Plaintiff has named as defendants a Commonwealth's Attorney for the City of Roanoke, Virginia, an Assistant Commonwealth's Attorney for the City of Roanoke, and a sergeant in the Roanoke City Police Department's Warrant Service Unit.

Plaintiff alleges that the defendants held two criminal arrest warrants in the Commonwealth's Attorney's Office and the Police Department without properly informing a court of their existence, in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff further alleges that the defendants' actions failed to comply with the provisions of the Interstate Agreement on Detainers Act, ("IADA"), and violated his right to a speedy trial under the Sixth Amendment to the United States Constitution. The defendants moved to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Magistrate Judge recommends granting the defendants' motions. Plaintiff filed objections, but his objections are conclusory and reiterate arguments already presented, and thus they lack the specificity required by Rule 72 of the Federal Rules of Civil Procedure and have the same effect as a failure to object. *See Veney v. Astrue*, 539 F.Supp.2d 841, 845 (2008).

Moreover, having reviewed the report and recommendation, the objections thereto, and pertinent portions of the record *de novo* in accordance with § 636(b)(1), I find that plaintiff's objections fail, and I adopt the Magistrate Judge's report and recommendation *in toto*. Plaintiff's objections do not dislodge Judge Sargent's proposed findings of facts and conclusions of law, particularly the following:

- The Commonwealth's Attorney defendants are immune from suit in their official capacities under the Eleventh Amendment, *see Harter v. Vernon*, 101 F.3d 334, 340 (4th Cir. 1996) (citing *Bockes v. Fields*, 999 F.2d 788, 790-91 (4th Cir. 1993)); and they are entitled to absolute immunity for acts within the scope of their prosecutorial duties, *see Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997).

- Plaintiff has not been arrested on the two outstanding Virginia warrants against him, and therefore plaintiff fails to assert plausible claims of a violation of either the IADA or his Sixth Amendment right to a speedy trial. *See Williamson v. Commonwealth*, 13 Va. App. 655, 658 (1992) (an arrest on a fugitive warrant in North Carolina does not constitute an arrest on the underlying warrant in Virginia).

- As plaintiff has not been "arrested" as contemplated in Virginia Code § 19.2-243, he is not entitled to a trial on the charges contained in the warrants, his due process rights under Virginia Code § 19.2-243 have not been implicated, and thus he fails to state a claim that his due process rights under the Fifth and Fourteenth Amendments were violated.

Accordingly, it is hereby **ORDERED** that plaintiff's objections to the report and recommendation (docket nos. 43, 46) are **OVERRULED**; the Magistrate Judge's report and recommendation (docket no. 42) is **ADOPTED** in its entirety; defendants' motions to dismiss (docket nos. 18, 21) are **GRANTED**; and the Clerk of the Court is directed to **TERMINATE** this case from the court's active docket.

The Clerk of the Court is directed to send copies of this order to the pro se plaintiff and to all counsel of record.

**ENTER**: This  11th day of September, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE